EDITH BROWN CLEMENT, Circuit Judge,
concurring separately:
Given that “[i]t is the firm rule of this circuit that we cannot disregard the precedent set by a prior panel, even though we perceive error in the precedent,” see Wilson v. Taylor, 658 F.2d 1021, 1034 (5th Cir.1981), we are bound by this Court’s prior opinion in United States v. Morganfield, 501 F.3d 453 (5th Cir.2007). That panel held that there was insufficient evidence because a legitimate check, even if it is worthless, does not constitute, as a matter of law, a “false or fictitious instrument.” 501 F.3d at 457, 460-61. Because defendant Alexis Morganfield raises the same issue in the instant appeal, our panel is bound by Morganfield and must also reverse his § 514(a)(2) convictions.
However, but for Morganfield, I would have affirmed Alexis Morganfield’s § 514(a)(2) convictions. I do not consider the mere fact that the checks at issue were legitimate to be dispositive of whether they were “false and fictitious.” See United States v. Riley, 335 F.3d 919, 923, 930 (9th Cir.2003). It is the use of the checks to create a fictitious obligation in a scheme to defraud that brings them within the ambit of § 514(a)(2). Here, the checking accounts were established using false identification or fraudulent d/b/a certificates, and the checks identified fictitious payors. Under these facts, genuine checks with an indicia of falsity (such as a fictitious or *907 nonexistent payor) may constitute a “false or fictitious instrument.” Accordingly, because Morganfield was actively involved in creating the false checking accounts and passing the checks with fictitious payors, there was sufficient evidence to affirm his § 514(a)(2) convictions.